IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MAGID SALAH ELDIN MOHAMED, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:23-CV-1835-D |
| | § | |
| HESHAM A. SADEK, et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

I

The United States Magistrate Judge made findings, conclusions, and a recommendation in this case on September 1, 2023. Plaintiff Magid Salah Eldin Mohamed ("Mohamed") filed objections on September 21, 28, and 29, 2023. The undersigned district judge has reviewed *de novo* the portions of the magistrate judge's findings, conclusions, and recommendation to which objections were made and reviewed the balance for plain error. The objections are overruled, and the court adopts the magistrate judge's findings, conclusions, and recommendation. By judgment filed today, the court dismisses Mohamed's state-law breach of contract claim without prejudice for lack of subject matter jurisdiction and dismisses his federal-law claims with prejudice as time-barred.

II

The magistrate judge first recommends that Mohamed's breach of contract claim be dismissed without prejudice for lack of subject matter jurisdiction.

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Eleventh Amendment bars private suits in federal court against states, including state agencies, unless the state has waived, or Congress has abrogated, the state's sovereign immunity. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-100 (1984); *Aguilar v. Tex. Dep't of Crim. Just.*, 160 F.3d 1052, 1054 (5th Cir.1998). The reference to actions "against one of the United States" has been interpreted to "encompass[] not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities." *Sw. Bell Tel. Co. v. City of El Paso*, 243 F.3d 936, 937 (5th Cir.2001) (quoting *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997)).

The University of Texas Southwestern Medical Center ("UT Southwestern"), as a state agent, is entitled to Eleventh Amendment sovereign immunity absent congressional abrogation or voluntary waiver. *See Sullivan v. Univ. of Tex. Health Sci. Ctr. at Hous. Dental Branch*, 217 Fed. Appx. 391, 392 (5th Cir. 2007) (per curiam). Mohamed is correct that a state is not entitled to Eleventh Amendment sovereign immunity where it operates a program that violates the Rehabilitation Act ("RA") and accepts federal financial assistance for that state program. *See Pace v. Bogalusa City Sch. Bd.*, 403 F.3d 272, 288-89 (5th Cir. 2005) (en banc). But Mohamed's reliance on that precedent is misplaced because his breach of contract claim alleges a violation of state contract law, not a violation of the RA.

Mohamed's right to contract is recognized by Texas state law and is separate and apart from the rights recognized by federal anti-discrimination statutes. *See Shah v. Univ. of Tex. Sw. Med. Sch.*, 54 F.Supp.3d 681, 690 (N.D. Tex. 2014) (Fitzwater, C.J.) (dismissing plaintiff's § 1983, ADA Title III, breach of contract, and IIED claims against UT Southwestern as barred by Eleventh Amendment immunity), *aff'd*, 668 Fed. Appx. 88 (5th Cir. 2016).

The court also lacks subject matter jurisdiction over Mohamed's breach of contract claim for another reason. Unless otherwise provided by statute, federal subject matter jurisdiction requires (1) a federal question arising under the Constitution, a federal law, or a treaty, *see* 28 U.S.C. § 1331, or (2) complete diversity of citizenship between adverse parties and at least $75,000, exclusive of interest and costs, in controversy, *see* 28 U.S.C. § 1332. As stated above, Mohamed's breach of contract claim arises under state law, not federal law (the claim is neither created by federal law nor requires the court to resolve a substantial question of federal law). *See Mensah v. Morehouse Sch. of Med.*, 2018 WL 1885015, at *4 (N.D. Ga. Jan. 4, 2018) (holding breach of contract claim does not confer federal jurisdiction even if it turns on issues of federal disability discrimination). The only potential basis for subject matter jurisdiction over Mohamed's breach of contract claim is diversity of citizenship. But it is readily apparent from Mohamed's amended complaint that he and all the defendants are citizens of Texas, so complete diversity of citizenship is absent.

### III

The magistrate judge also recommends that Mohamed's federal-law claims be dismissed with prejudice because the face of the amended complaint reflects that they are

time-barred.

Mohamed's claims under the Americans with Disabilities Act of 1991, RA, and 42 U.S.C. § 1983 are subject to a two-year statute of limitations. *See Frame v. City of Arlington*, 657 F.3d 215, 237 (5th Cir. 2011) (en banc); *Heilman v. City of Beaumont*, 638 Fed. Appx. 363, 366 (5th Cir. 2016); Tex. Civ. Prac. & Rem. Code § 16.003(a). In federal court, the statute of limitations begins to run when the plaintiff has "a complete and present cause of action, or, expressed differently, when the plaintiff can file suit and obtain relief." *Walker v. Epps*, 550 F.3d 407, 414 (5th Cir. 2008).

Mohamed had a complete and present cause of action for all his claims no later than February 24, 2021, when he was dismissed from his academic program. For example, Mohamed bases his § 1983 claim on the fact that "[his] dismissal was wrongful and [he] was not afforded the procedural and substantive due process to uphold [his] dismissal under the law." P. Am. Compl. (ECF No. 8) at 17, ¶ 5.36. His dismissal and the process he was afforded regarding his dismissal occurred on February 24, 2021.

Assuming *arguendo* that Mohamed's federal-law claims began accruing at some later date, he only pleads one fact that would make his complaint timely. Mohamed maintains that the statute of limitations began to run on August 17, 2021, when UT Benefits Billing mailed him notice that his COBRA benefits were terminated. The notice itself states that Mohamed's COBRA benefits terminated on February 28, 2021, when the 45-day grace period for failure to remit premiums expired. So Mohamed could have discovered this fact before August 17, 2021.

The statute of limitations was not equitably tolled. A litigant is entitled to equitable tolling of a statute of limitations only if he establishes two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 255 (2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). Mohamed requests that the statute of limitations be equitably tolled for roughly six months (between February 24, 2023, when his claims expired, and August 16, 2023, when he filed his complaint). Neither Mohamed's unfamiliarity with the legal process nor his lack of representation during the applicable filing period serves as a basis for tolling. *See Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991) (citing *Larson v. Am. Wheel & Brake, Inc.*, 610 F.2d 506, 510 (8th Cir. 1979)). The court therefore concludes that Mohamed's federal-law claims are time-barred. The court adopts the magistrate judge's findings, conclusions, and recommendation and dismisses Mohamed's federal-law claims with prejudice.

\* \* \*

Accordingly, the court adopts the magistrate judge's September 1, 2023 findings, conclusions, and recommendation, and, by judgment filed today, dismisses his state-law breach of contract claim without prejudice and dismisses his federal-law claims with

prejudice. Mohamed may re-file his state-law breach of contract claim in state court.

**SO ORDERED**.

November 9, 2023.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE